# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FERRALL TURDELL SPENCER, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3354 |
| | § | |
| DOUG DRETKE, | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. Petitioner is incarcerated in the Texas Department of Criminal Justice. This Court DISMISSES the application as time barred under 28 U.S.C. § 2244(d).

Petitioner challenges a conviction for possession of a controlled substance in cause number 97-07-00982-CR in the 284th District Court of Montgomery County, Texas. The state court sentenced Petitioner to life imprisonment in a judgment of conviction entered on April 15, 1999. Petitioner appealed, and the Ninth Texas Court of Appeals affirmed the conviction on June 21, 2000. Petitioner filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals. The Court of Criminal Appeals denied the PDR as out of time on August 30, 2000.

Petitioner filed a prior section 2254 application in this Court challenging the same state court conviction. *See Spencer v. Cockrell*, Civil Action No. H-01-CV-1192.

He filed this federal application on April 11, 2001. The Court dismissed it on May 3, 2002, for failure to exhaust state court remedies. Petitioner filed a post-conviction state writ application under article 11.07 of the Texas Code of Criminal Procedure on April 26, 2002. The Texas Court of Criminal Appeals denied the application on April 2, 2003. Petitioner filed this federal application on September 29, 2005.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d) (West 1996).

Petitioner's conviction became final on November 28, 2000, when the time to petition for *certiorari* in the U.S. Supreme Court expired, ninety days after the Court of Criminal Appeals denied Petitioner's PDR. SUP.CT.R. 13.1 (West 1995). There is no showing that subsections (B), (C), and (D) of § 2244(d)(1) apply to Petitioner's claims. The limitation period expired a year later, on November 28, 2001, absent tolling.

State collateral review tolls the grace period under section 2244(d)(2). *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). Federal habeas review does not toll the running of the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). However, equitable tolling may be appropriate for the time a prior federal writ application was pending. *Id*. at 184. In this case, granting equitable tolling to Petitioner for time his prior federal application was pending does not toll the statute of limitations enough to render the instant federal application timely.

Petitioner's federal writ application was pending for one year and 88 days. Petitioner's state writ application was pending for 333 days after the federal writ application was dismissed. Combining the pendency of the state writ application and the prior federal application tolls the limitation period for two years and 56 days. This extends the expiration of the statute of limitations to January 23, 2004.

Petitioner filed this federal application on September 29, 2005, more than 22

months after the limitation period expired. Petitioner's application is time barred.

The federal courts are authorized to *sua sponte* dismiss habeas petitions where it appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Accordingly, it is ORDERED that this action be DISMISSED as time barred under 28 U.S.C. § 2244(d). Petitioner's Motion to Proceed *In Forma Pauperis* [Docket Entry No. 3] is DENIED because he has $ 64 in his prison trust fund account.

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A certificate of appealability should not issue and Petitioner's Motion for a Certificate of Appealability [Docket Entry No. 4] is DENIED.

SIGNED at Houston, Texas, on this 30th day of September, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge